# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 26, 2026

| | | |
|---|---|---|
| DONALD SMITH, | * | UNPUBLISHED |
| Petitioner, | * | No. 24-1071V |
| v. | * | Special Master Nora Beth Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Interim Attorneys' Fees and Costs; Motion for Reconsideration. |
| Respondent. | * | |

Pro se, Portsmouth, OH, for Petitioner.
Nathaniel Trager, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1 2]

On July 15, 2024, Donald Smith ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program,"), 42 U.S.C. § 300aa-10 et seq. (2018)[3] alleging that as a result of an influenza ("flu") vaccination on October 29, 2021, he developed Bell's palsy. Petition at Preamble (ECF No. 1).

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] This Decision was refiled following a motion for reconsideration.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On December 26, 2024, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys who worked on his case (Mr. Downing). Petitioner's Motion for Interim Attorneys' Fees and Costs ("Pet. Mot."), dated Dec. 26, 2024 (ECF No. 18). Petitioner's motion was granted in part and prior counsel was awarded $19,805.70 in attorneys' fees and costs. Decision on Interim Fees & Costs dated July 17, 2025 (ECF No. 31).

Petitioner's counsel, Ms. Haskins, filed a second motion for interim attorney's fees and costs on January 14, 2026, requesting $17,328.70 (consisting of $17,278.70 in attorneys' fees and $50.00 in costs). Pet. Second Mot., filed Jan. 14, 2026, at 2 (ECF No. 44). Petitioner's counsel shortly thereafter withdrew from this matter, and Petitioner became pro se.

Respondent filed his response on January 28, 2026, "request[ing] that any determination as to attorneys' fees and costs be deferred until after the parties have had further opportunity to retain experts and, if necessary, brief the merits of the claim and/or proceed to an evidentiary hearing." Resp. Response to Pet. Second Mot. ("Resp. Response"), filed Jan. 28, 2026, at 1 (ECF No. 49). Respondent argued Petitioner's medical records are consistent with Ramsay Hunt Syndrome, which is caused by the chickenpox virus, and thus, "[t]here is [] a legitimate question as to whether this case has, or ever has had, a reasonable basis." Id. at 4-5. Petitioner did not file a reply.[4]

On August 10, 2026, the undersigned issued a decision awarding $15,600.83 in attorneys' fees and costs. Decision on Interim Attorneys' Fees and Costs dated Aug. 10, 2026 (ECF No. 53). On August 25, 2026, Respondent filed a motion for reconsideration requesting the undersigned "withdraw the [] decision and either issue a new decision that specifies the basis for why a second interim fee award is appropriate in this case or else defer ruling until the end of the case." Resp. Mot. for Reconsideration, filed Aug. 25, 2026 (ECF No. 54). The undersigned granted the motion and withdrew her decision and now issues this Decision again **GRANTING IN PART** Petitioner's motion and awarding **$15,600.83** in attorneys' fees and costs.

## I. DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good

[4] It is unclear whether Ms. Haskins was served this response from Respondent as her contact information was not included in the certificate or service and she was no longer counsel of record at the time of filing.

faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

### A. Good Faith Requirement Is Met

Respondent does not question or otherwise object that there exists a good faith basis for the claim. As such, the undersigned finds good faith is met.

### B. Reasonable Basis Requirement is Met

The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." Cottingham ex rel. K.C. v. Sec'y of Health & Hum. Servs., 971 F.3d 1337, 1346 (Fed. Cir. 2020). The Cottingham Court also reiterated that the reasonable basis determination is still based on a "totality of the circumstances." Id.

Respondent "question[s] . . . whether this case has, or ever has had, a reasonable basis," arguing Petitioner's medical records supported a diagnosis of Ramsay Hunt syndrome, instead of Bell's palsy. Resp. Response at 5. Although Respondent "question[s]" reasonable basis, he does not affirmatively state on the record an objection to payment of fees and costs here due to reasonable basis. Id.

The undersigned finds that based on the record, this claim appears to have been brought with a reasonable basis. There was more than a scintilla of objective evidence in the record supporting a feasible claim, though there may no longer be reasonable basis going forward.

Fundamentally, there is a question regarding Petitioner's diagnosis. The medical records here show that Petitioner was diagnosed with Bell's palsy,[5] which has been associated with the flu vaccination. See, e.g., Arredondo v. Sec'y of Health & Hum. Servs., No. 18-1782V, 2023 WL 8181138 (Fed. Cl. Spec. Mstr. Oct. 31, 2023); E.A. v. Sec'y of Health & Hum. Servs., No. 18-1587V, 2023 WL 2640710 (Fed. Cl. Spec. Mstr. Jan. 24, 2023). Although Petitioner was diagnosed with Bell's palsy, which has been compensated as a vaccine-related injury, his medical records also show he had signs and symptoms, including erythema (redness) and blisters in or near the ear, characteristic of Ramsey Hunt syndrome caused by varicella zoster virus. See ECF No. 30; H.C. v. Sec'y of Health & Hum. Servs., No. 16-4V, 2022 WL 2825395 (Fed. Cl. Spec. Mstr. May 9, 2022).

In Arredondo, there was no question as to diagnosis; the parties and treating physicians agreed the petitioner had Bell's palsy. Arredondo, 2023 WL 8181138, at *1, *30. There were no signs or symptoms of rash or vesicles/blisters on or around the petitioner's face or ear. Id. at *3-4. Expert reports were filed the parties and the undersigned determined the petitioner provided preponderant evidence in support of causation. Id. at *1, *26-31.

---

[5] Bell's palsy is "unilateral facial paralysis of sudden onset, due to lesion of the facial nerve and resulting in characteristic distortion of the face." Bell Palsy, Dorland's Med. Dictionary Online, https://www.dorlandsonline.com/dorland/definition?id=95779 (last visited Aug. 26, 2026).

In E.A., diagnosis was also not at issue; the parties agreed the petitioner developed Bell's palsy. E.A., 2023 WL 2640710 at *1. Additionally, like the petitioner in Arredondo, there was no evidence of vesicles in or around the ear that would have been characteristic of Ramsay Hunt Syndrome. Id. at *4. The undersigned found Petitioner provided preponderant evidence in support of causation following expert reports from both parties. Id. at *1, *30.

However, in H.C., the parties, treating physicians, and the undersigned agreed the petitioner developed Ramsay Hunt Syndrome and that Ramsay Hunt Syndrome is caused by reactivation of varicella zoster virus. H.C., 2022 WL 2825395 *1, *27. Following expert reports and an entitlement hearing, the undersigned found Petitioner was not entitled to compensation. Id. at *1, *27-33. In H.C., even where there was an alternative cause (varicella zoster virus), Petitioner pursued a theory that the flu vaccination caused or contributed to reactivation of the varicella zoster virus. Id.

Of note, Respondent did not provide any objection or argument against a finding of reasonable basis in H.C. See H.C. v. Sec'y of Health & Hum. Servs., No. 16-4V, 2023 WL 372006, at *1 (Fed. Cl. Spec. Mstr. Jan. 24, 2023) (Respondent noting he was "satisfied the statutory requirements for an award of attorneys' fees and costs [were] met").

Questions of diagnosis and alternative cause are commonplace in Vaccine Act cases. Generally, these questions require expert opinion for resolution. See § 13(a)(1) (explaining that a petitioner cannot establish entitlement to compensation based solely on his assertions; rather, a vaccine claim must be supported either by medical records or by the opinion of a medical doctor). Where there is a factual question as to whether a petitioner has a diagnosis caused by a vaccine or whether there is an alternative cause, and this question requires the opinion of a medical physician, the undersigned finds it is reasonable to allow petitioners to obtain expert consultation.

As illustrated above, the undersigned has previously awarded compensation in Bell's palsy cases. However, this case is different because the medical records note symptoms which suggest there could be an alternate cause and diagnosis of Ramsay Hunt Syndrome based on her experience adjudicating prior cases. It was appropriate and reasonable for Petitioner's counsel to seek medical expert consultation, since this question turns on medical expert opinion. ECF No. 30 at 1-2. As counsel's billing records indicate, she spoke with an expert and then, within a reasonable time thereafter, contacted her client about how to proceed and withdrew as counsel when Petitioner indicated he did not wish to dismiss his case.

It is well-known in the Program that there may be reasonable basis at the time that a claim is filed, which then dissipates as the claim proceeds. R.K. v. Sec'y of Health & Hum. Servs., 760 F. App'x 1010, 1012 (Fed. Cir. 2019) (citing Perreira v. Sec'y of Health & Hum. Servs., 33 F.3d 1375, 1376-77 (Fed. Cir. 1994) (holding that "an award of fees and costs was not authorized for work performed on a case after a claim lost its reasonable basis"). If reasonable basis is lost, "[p]etitioners' counsels have an obligation to voluntarily dismiss a Vaccine Act claim once counsel knows or should know a claim cannot be proven." Cottingham ex rel. K.C. v. Sec'y of Health & Hum. Servs., 134 Fed. Cl. 567, 574 (2017) (citing Perreira, 33 F.3d at 1376;

Curran v. Sec'y of Health & Hum. Servs., 130 Fed. Cl. 1, 6 (2017); Allicock v. Sec'y of Health & Hum. Servs., 128 Fed. Cl. 724, 727 (2016)).

In summary, while the Petitioner's diagnosis of Bell's palsy suggested a compensable vaccine-related injury, his clinical course suggested an alternate cause of his facial nerve palsy, the varicella zoster virus. Because counsel withdrew within a reasonable amount of time after consulting with an expert, the undersigned finds Ms. Haskins satisfied the reasonable basis requirement.

**C. Interim Fees and Costs Are Appropriate Here**

The undersigned finds that an award of interim attorneys' fees and costs is appropriate here. Ms. Haskins is no longer the counsel of record and Petitioner, who is proceeding pro se, will likely not be able to obtain new counsel due to the issues in his case as described herein. Because it is unlikely that, if the case is dismissed, there will be an occasion for Petitioner to seek fees, the motion for attorney's fees and costs may be treated like a final award of fees and costs.

The undersigned's decision to award fees and costs here is consistent Judge Bruggink's reasoning in McKellar, as follows,

> [T]he mere fact that an attorney plans to withdraw is not necessarily a hardship that triggers an award of interim attorneys' fees and costs. . . .
>
> The present facts, however, go beyond a routine withdrawal and substitution of counsel. The special master has stated that "Petitioner's medical records disclosed no evidence of a valid claim for compensation," and further noted the "weakness of the claim." McKellar, 2011 WL 3425606 at *2. The special master has effectively rejected the petition on the merits, making it unlikely that substitute counsel will appear and, for that reason, making it likely that, if the case is dismissed, there will be no occasion for petitioner to seek fees. Under the circumstances, we will treat the petition as if it were from a routine final award of fees.

McKellar v. Sec'y of Health & Hum. Servs., 101 Fed. Cl. 297, 302 (2011).

Respondent argues there is no "special showing" of "undue hardship" here. Resp. Mot. for Reconsideration at 4-5. And "[t]he mere fact that petitioner's counsel withdrew from representation does not provide sufficient grounds to justify an interim award at this time." Id. at 6. Respondent asserts the Court of Federal Claims in McKellar reversed an award of interim fees and costs "on the grounds that withdrawal of counsel alone, without a 'special showing,' is not sufficient justification for an award of interim fees and costs." Resp. Mot. for Reconsideration at 6. However, Judge Bruggink's decision was not based on withdrawal of counsel. See McKellar, 101 Fed. Cl. at 305 (remanding "in light of the apparent conflation of the reasonable basis inquiry into the good faith test"). Because the merits of the McKellar case

made it unlikely that any other counsel would appear, Judge Bruggink found that, procedurally, the motion was equivalent to a motion for final fees and costs. That is the case here.

Next, Respondent argues the undersigned "d[id] not assess whether any such conditions are present to justify an award of interim fees under Avera or Shaw." Resp. Mot. for Reconsideration at 5. A summary of these cases show that awards of fees and costs on an interim basis "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Avera, 515 F.3d at 1352. Likewise, in Shaw, the Federal Circuit held that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." Shaw, 609 F.3d at 1375. Of note, however, Avera has also been interpreted to allow a special master to use discretion. See Avera, 515 F.3d 1343; Kirk v. Sec'y of Health & Hum. Servs., No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); Bear v. Sec'y of Health & Hum. Servs., No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three Avera criteria—protracted proceedings, costly expert testimony, and undue hardship—special masters have adopted these criteria as factors to consider; the factors are not all inclusive, nor must they be adhered to in a strict or rigid manner. See Avera, 515 F.3d at 1352; Al-Uffi v. Sec'y of Health & Hum. Servs., No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015); Woods v. Sec'y of Health & Hum. Servs., 105 Fed. Cl. 148, 154 (2012) (noting "Avera and Shaw did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees").

The circumstances here are similar to those in McKellar, where the undersigned has noted the lack of viability of Petitioner's case, making it unlikely for any attorney to substitute as counsel. Thus, "if the case is dismissed, there will be no occasion for [P]etitioner to seek fees." McKellar, 101 Fed. Cl. at 302. And, like Judge Bruggink, the undersigned treats the pending motion as if it were a motion for final fees and costs.

Further, there are additional Vaccine Program cases that have found counsel withdrawing to be "one important factor[] supporting an interim award." Bear, 2013 WL 691963, at *5 (citing Woods, 105 Fed. Cl. at 154 (finding counsel's withdrawal and pursuit of case were circumstances supporting award of interim fees and costs); see also, e.g., Brannigan v. Sec'y of Health & Hum. Servs., No. 14-675V, 2016 WL 388697, at *6 (Fed. Cl. Spec. Mstr. June 17, 2016) ("find[ing] that with the petitioner now being pro se, withdrawing counsel may face undue hardship in getting petitioner's cooperation at the end of this matter," and thus, "resolving counsel's attorneys' fees and costs at this time is warranted"). In Woods, Judge Williams upheld the special master's finding that the circumstances of the case permitted an interim fee award. Woods, 105 Fed. Cl. at 154. In Woods, counsel was granted leave to withdraw due to irreconcilable differences with the client, and "[w]hile the amount of the fees, $15,859.15, [was] not substantial, this [was] the totality of the fees, and there is no reason to force counsel, who have ended their representation, to delay receiving fees indefinitely until the matter is ultimately resolved." Id. Judge Williams further noted "[t]he Special Master reasonably concluded that delaying a fee award to counsel who had ended their representation for an indeterminable time until the case was resolved sufficed to constitute the type of 'circumstances' to warrant an interim fee award." Id. The undersigned agrees with the reasoning in Woods, as well as Bear

and Brannigan, and finds counsel's withdrawal an important factor to support an interim fee award at this time.

In conclusion, the undersigned finds an award of attorneys' fees and costs appropriate and reasonable given (1) the questions of diagnosis and alternative cause which warranted consultation with an expert, (2) the circumstances similar to those presented in McKellar, and (3) counsel's withdrawal.

### A. Attorneys' Fees

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours spent on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by the Respondent and without providing the Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

#### 1. Hourly Rates

Here, Petitioner requests the following hourly rates for the attorneys and paralegals who worked on this matter:

| **Allison Haskins – Attorney** | **Paralegals** |
|---|---|
| 2025: $525.00 | 2025: $195.00 |
| 2026: $567.00 | 2026: $227.00 |

The undersigned finds these rates are reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work. The undersigned will therefore award the above rates in full.

### 2. Reduction of Billable Hours

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989). Petitioner bears the burden of documenting the fees and costs claimed.

The undersigned finds the time billed in this matter excessive. Counsel billed in this matter for exactly one year—from January 14, 2025 to January 14, 2026. And in that time, Ms. Haskins and her paralegal billed almost as much as Petitioner's original counsel, Mr. Downing, whose fees covered one year and two months spent on the matter and whose fees were reduced by 5%. Additionally, when Ms. Haskins entered her appearance in January 2025, Mr. Downing had already filed most of Petitioner's medical records, although Respondent's review and Rule 4(c) report had not yet been filed.

There are also duplicative entries,[6] non-compensable entries,[7] and entries billed at an attorney rate, instead of a paralegal rate.[8]

In October 2025, counsel began working on the subject fees and costs motion, billing $1,536.80, which is excessive given counsel had worked on this matter for only 9 months at the time..

Lastly, counsel was put on notice about the issues in this case on July 15, 2025, after billing for only six months. After that, counsel billed for six months, approximately $10,144.20, more than half of the total fees bill (19.7 hours of work of the total 38.9 hours billed). The undersigned finds this excessive, especially given the fact that counsel was strongly urged to proceed with caution after July 15, 2025.

Given the above-mentioned issues, the undersigned finds a reduction of 10% from the total fees requested reasonable and appropriate. This results in a reduction of $1,727.87.[9] Petitioner is therefore awarded $15,550.83 in attorneys' fees.

[6] See, e.g., Pet. Ex. 31 at 2 (Ms. Haskins and Ms. Thorn charging for "review 240 day order and [draft/revise] Notice of intent to remain in program," a boilerplate form that does not change throughout cases in the Vaccine Program).

[7] See, e.g., Pet. Ex. 31 at 4-8 ("prepar[ing] and/or "finaliz[ing] exhibits [] for filing").

[8] See, e.g., Pet. Ex. 31 at 8 ("compile case documentation for transfer to [Petitioner]").

[9] $17,278.70 x 0.10 = $1,727.87.

### B. Attorneys' Costs

Petitioner also requests $50.00 in costs for obtaining medical records. Petitioner has provided adequate documentation supporting these costs and the undersigned will award them in full.

## II. CONCLUSION

Based on all the above, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $17,278.70 |
| Reduction of Attorneys' Fees: | - ($1,727.87) |
| Awarded Attorneys' Fees: | $15,550.83 |
| | |
| Requested Attorneys' Costs: | $50.00 |
| Reduction of Attorneys' Costs: | - ($0.00) |
| Awarded Attorneys' Costs: | $50.00 |
| | |
| **Total Attorneys' Fees and Costs:** | **$15,600.83** |

**Accordingly, the undersigned awards:**

**Petitioner is awarded interim attorneys' fees and costs in the total amount of $15,600.83, to be paid through an ACH deposit to Petitioner's former counsel, Ms. Allison Haskins' IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[10] The Clerk is also directed to serve this Decision on prior counsel, Ms. Haskins.

**IT IS SO ORDERED.**

**s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

[10] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.